UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARTIN MALBERG,<br><br>        Plaintiff,<br><br>    v.<br><br>SHARON NAGLE, et al.,<br><br>        Defendants. | Case No.  5:22-cv-05027-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 21 |

Plaintiff Martin Malberg brings this suit alleging First Amendment constitutional violations against Defendants Sharon Nagle, Jeffrey Vincent, Kymberly Speer, Rob Bonta, and the State of California, arising out of the motions to dismiss they had filed on behalf of defendants in another one of Plaintiff's other actions. Defendants have all filed motions to dismiss the instant Complaint on multiple grounds.

Based on the following, Defendants' motions to dismiss are GRANTED. The Complaint is DISMISSED WITHOUT LEAVE TO AMEND and WITH PREJUDICE.

I.   **FACTUAL AND PROCEDURAL HISTORY**

On March 17, 2022, Plaintiff filed the first of several actions in federal court challenging the restraining order imposed on him by his ex-wife pursuant to the California Domestic Violence Protection Act. *See, e.g.*, *Malberg v. McCracken, et al.*, Case No. 5:22-cv-01713-EJD; *Malberg v. Cashen, et al.*, Case No. 5:22-cv-01788-BLF. Throughout these various actions, Plaintiff named two Superior Court judges, the California Attorney General's office, and the attorneys who represented his ex-wife as defendants, alleging that the restraining order violated his constitutional rights. In nearly all actions, the defendants have moved to dismiss successfully.

1   Now before the Court is Plaintiff's complaint for an "emergency injunction" to prevent the Court from granting defendants' motions to dismiss in the action numbered 5:22-cv-01713 ("1713 Action"), claiming that those motions violate Plaintiff's First Amendment rights. ECF No. 1 ("Compl."), at § V.  Plaintiff invokes 42 U.S.C. § 1983 to vindicate his First Amendment rights, as well as federal criminal statutes 18 U.S.C. §§ 241, 242, and 2384.  Compl. § II.A.  Plaintiff also asks the Court to "strike down" all "CA 'immunity' statutes, and all CA courts 'immunity' rules," and to strike down "improper use of 11th Amendment."  Compl. § V.  Plaintiff also seeks 1,791 ounces of U.S. Silver Eagles as damages, as well as criminal referral and maximum prison time for all individual defendants.  *Id.*  The present action is asserted against the attorneys who filed motions to dismiss in the 1713 Action, specifically Sharon Nagle (who represented Judges Joanne McCracken and Christine Garcia-Sen) and Jeffrey Vincent, Kymberly Speer, Rob Bonta, and the State of California (who filed a motion to dismiss the Attorney General and State of California in the 1713 Action).

After filing the instant Complaint and before the named Defendants had any opportunity to respond, Plaintiff filed a veritable smorgasbord of miscellaneous documents, such as a petition for emergency injunction (ECF No. 13), a general affidavit (ECF No. 15), an opposition response to a motion to dismiss that was never filed in this action (ECF No. 18), and a "petition for a redress of grievances" (ECF No. 20).  Plaintiff has also filed—spontaneously and without any apparent relation to a particular motion—three "logic briefs" on the topics of "unconstitutional usurpation of state sovereignty" (ECF No. 26), "unconstitutional actions of all CA courts and official per Article IV" (ECF No. 27), and "unconstitutional 'immunity' claim" (ECF No. 30).

## II.   DISCUSSION

Defendants Attorney General Bonta, Speer, Vincent, and the State of California (collectively "State Defendants") have moved to dismiss the instant action.  ECF No. 21.  Defendant Nagle has also filed her own motion to dismiss. ECF No. 31.  Because Defendants' motions to dismiss challenge the facial sufficiency of Plaintiff's complaint, the Court must resolve the motions to dismiss first before turning to any of Plaintiff's merits-based relief.

Notably, although he filed a generic "Response in Oppostion [*sic*] to All Motions to Dismiss" *before* Defendants even filed any motion (ECF No. 18), Plaintiff has not filed an opposition to the Defendants' current motions or otherwise responded to the arguments the Defendants have raised in these motions. Accordingly, Plaintiff's Complaint is subject to dismissal on this basis alone. However, the Court will nonetheless proceed to address the substance of Defendants' motions and evaluate the sufficiency of Plaintiff's Complaint.

### A. Federal Criminal Statutes

To begin, Plaintiff has no standing to assert claims for relief based on federal criminal statutes, including 18 U.S.C. §§ 241, 242, and 2384. *See Malberg v. Cashen*, No. 22-cv-01788-BLF, 2022 WL 4544729, at *3 (N.D. Cal. Sept. 28, 2022) (collecting cases), *aff'd*, No. 22-16703, 2023 WL 4418598 (9th Cir. July 10, 2023). Accordingly, the Complaint is DISMISSED WITHOUT LEAVE TO AMEND to the extent Plaintiff seeks to pursue criminal claims and obtain criminal penalties against the Defendants. The only remaining claim is the § 1983 claim against Defendants for alleged violation of Plaintiff's First Amendment and Fourteenth Amendment rights. *See* Compl. § II.A.

### B. Standing

Both the State Defendants and Defendant Nagle have challenged Plaintiff's action as unripe because, at the time he filed the action, the Defendants' motions to dismiss in the 1713 Action were still pending. However, on March 31, 2023, the 1713 Action was dismissed with partial leave to amend, and judgment was subsequent entered against Plaintiff. *Malberg v. McCracken, et al.*, Case No. 5:22-cv-01713-EJD, ECF Nos. 61, 65. Consequently, Plaintiff's request for injunctive relief in the instant action is now moot, but he has experienced an injury-in-fact for standing and ripeness purposes. As a result, Plaintiff's standing and this Court's subject matter jurisdiction are secured, and the Court may address Plaintiff's § 1983 claims.

### C. State Defendants

Turning first to the State Defendants, the Court first notes as a general matter that the Eleventh Amendment shields the State of California and its employees from suit. *See, e.g.*, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Ass'n des Eleveurs de Canards et d'Oies*

*du Quebec* ("*Quebec*") *v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013) ("Plaintiffs are plainly barred by the Eleventh Amendment from suing the State of California in federal court."). Although the doctrine of *Ex parte Young* provides an exception to Eleventh Amendment immunity for state officials sued in their official capacities, that exception only allows "for prospective declaratory or injunctive relief . . . for their alleged violations of federal law." *Quebec*, 729 F.3d at 943. Here, the injunctive relief is moot, and Plaintiff does not seek declaratory relief. The State Defendants' Eleventh Amendment immunity, therefore, remains intact and effective.

In addition to the protection of the Eleventh Amendment, the individual State Defendants' challenged conduct is shielded by the absolute prosecutorial immunity, because the action of filing a motion to dismiss in the 1713 Action is "intimately associated with the judicial phase of the litigation." *Fry v. Melaragno*, 939 F.2d 832, 837 (9th Cir. 1991); *see also Liao v. Ashcroft*, 2009 WL 1371691, at *4 (N.D. Cal. May 15, 2009) (holding that absolute prosecutorial immunity applies to deputy attorney general's "official conduct in [defending] the government in a prior state court action"). Accordingly, Plaintiff may not maintain *any* claim against the individual State Defendants for their advocacy and defense in the 1713 Action.

All State Defendants are DISMISSED WITHOUT LEAVE TO AMEND from this action.

### D. Defendant Nagle

Plaintiff also asserts a § 1983 claim against Ms. Nagle for her defense of Judges McCracken and Garcia-Sen in the 1713 Action. This claim, however, fails for several reasons.

"To state a claim under § 1983, a plaintiff must . . . show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Court finds that Ms. Nagle was not acting under color of state law. Ms. Nagle is an attorney in private practice and does not become a state actor solely by performing private attorney functions on behalf of public servants. *See Reed v. Levy*, 2009 WL 593933, at *1 (N.D. Cal. Mar. 4, 2009) ("Attorneys in private practice are not state actors."); *Dyer v. Maryland State Bd. of Educ.*, 187 F. Supp. 3d 599, 615 (D. Md. 2016), *aff'd*, 685 F. App'x 261 (4th Cir. 2017) ("[I]t is 'well settled that a private attorney does not become a state actor simply by representing a public body.'"). Accordingly, Plaintiff may not assert § 1983 claims against Ms. Nagle.

Additionally, Plaintiff's claim against Ms. Nagle also cannot be maintained for the separate and independent reason that her appearance and advocacy before a court of law are protected by the First Amendment per the *Noerr-Pennington* doctrine. "Under the *Noerr-Pennington* doctrine, those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct." *B&G Foods N. Am., Inc. v. Embry*, 638 F. Supp. 3d 1122, 1128 (E.D. Cal. 2022) (citing *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 931 (9th Cir. 2006)). Plaintiff's present lawsuit imposes a clear burden on Ms. Nagle's First Amendment petitioning rights by attempting to impose liability for her motions in the 1713 Action Ms. Nagle's motion to dismiss in the 1713 Action is certainly a petition, *i.e.*, a communication to support her request that the court undertake a specific action. *Sosa*, 437 F.3d at 933 (noting that protected activities include filing a "complaint, an answer, a counterclaim and other assorted documents and pleadings, in which plaintiffs or defendants make representations and present arguments to support their request that the court do or not do something"). Plaintiff also has not responded to Ms. Nagle's arguments, nor has he attempted to show an exception to *Noerr-Pennington* applies. *See B&G Foods*, 638 F. Supp. 3d at 1128–31. Indeed, he cannot, given that Ms. Nagle's defense in the 1713 Action resulted in a complete defense judgment.

In summary, Plaintiff fails to state a cause of action against Ms. Nagle. Accordingly, Ms. Nagle shall be DISMISSED WITHOUT LEAVE TO AMEND.

### III. CONCLUSION

Based on the foregoing reasons, Defendants' motions to dismiss are GRANTED. The Complaint is DISMISSED WITHOUT LEAVE TO AMEND and WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: September 29, 2023

EDWARD J. DAVILA
United States District Judge

Case No. 5:22-cv-05027-EJD                    5
ORDER GRANTING MOTION TO DISMISS